Brian K. Condon (BC 4683)
Laura M. Catina (LF 2998)
CONDON & ASSOCIATES, PLLC
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
(845) 627-8500 Telephone
(845) 627-8507 Facsimile
brian@condonlawoffices.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL GOLDSTEIN, GOLDSTEIN GROUP
HOLDINGS, INC., BERNARD KAHN, and
JACOB WEISS,

                   Plaintiffs,

            -against-

SOLUCORP INDUSTRIES, LTD., EAST
MORGAN HOLDINGS, INC., LONDON
VENTURES CAPITAL CORP., RICHARD
RUNCO, RICHARD GREENE, PETER MANTIA
and JOSEPH KEMPROWSKI,

                   Defendants.
------------------------------------------------------------X

Case No. 11 Civ. 6227 (VLB)

ECF Case

## DECLARATION OF BRIAN K. CONDON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

      BRIAN K. CONDON, pursuant to the provisions of 28 U.S.C. § 1746, hereby declares under the penalties of perjury that the following is true and correct:

      1.     I am a member of the law firm of Condon & Associates, PLLC, counsel for the Defendants, Solucorp Industries, Ltd. ("Solucorp"), East Morgan Holdings, Inc. ("EMHI"), London Ventures Capital Corp. ("London Ventures"), Richard Runco ("Runco"), Richard Greene ("Greene"), Peter Mantia ("Mantia") and Joseph Kemprowski ("Kemprowski") in the above-referenced action.

2. I submit this Declaration in support of the Defendants' motion to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

3. I submit this declaration to transmit to the Court the documents referred to in the Defendants' Memorandum of Law.

4. The following Exhibits are attached:

   A. Plaintiffs' Complaint;

   B. A copy of the decision *S.E.C. v. Solucorp Industries, Inc.*, 274 F.Supp.2d 379 (S.D.N.Y. 2003);

   C. Stock Sale Agreements dated June 15, 2010 and June 17, 2010 between Michael Goldstein/Goldstein Group Holdings, Inc./J.L. Providers and Richard Greene Legal Support, Inc., as Escrow Agent for Jon B. Wallis;

   D. Documentation regarding Plaintiff Goldstein's use of the EMHI shares (that he did not pay for) as collateral for a judgment entered against him in Rockland County, New York; and

   E. Certification and Notice of Termination of Registration under Section 12(g) of the Securities and Exchange Act of 1934 or Suspension of Duty to File Reports under Sections 13 and 15(d) of the Securities Exchange Act of 1934 dated September 8, 2003.

5. We note that the Plaintiffs' Complaint contains numerous allegations concerning Defendants Solucorp, Kemprowski and Mantia surrounding a decision entered against them in the Southern District of New York in 2003. The Plaintiffs mischaracterize the ban imposed by the Court upon Kemprowski and Mantia, which we feel we must clarify. The Court's decision specifically

states that they are "permanently barred from serving as an officer and/or director of a company registered with the SEC under Section 12 of the Securities Act." *S.E.C. v. Solucorp Industries, Inc.*, 274 F.Supp.2d 379, 420 (S.D.N.Y. 2003). Although neither Kemprowski, nor Mantia, are officers or directors of Solucorp, even if they were, Solucorp has not been registered with the SEC under Section 12 of the Securities Act since 2003. *See* Exhibit "E". Thus, the Plaintiffs' characterization of the Court's decision barring them from serving as an officer or director of any publicly traded company is inaccurate.

      6.      For the reasons set forth in the Plaintiffs' Memorandum of Law, the Defendants' respectfully request that the Court grant their motion to dismiss the Plaintiffs' Complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: Nanuet, New York
       October 17, 2011

                                                        /s/
                                        BRIAN K. CONDON