# CONDON & ASSOCIATES, PLLC

ATTORNEYS AT LAW
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
Telephone: (845) 627-8500
Facsimile: (845) 627-8507
www.condonlawoffices.com

Brian K. Condon [†]
Laura M. Catina [†]
Amy M. Witkowski [†]
Dawn Congiusti, Paralegal

[†]Admitted in New York and New Jersey

Email Address: brian@condonlawoffices.com

July 16, 2014

Via CM/ECF

Hon. Vincent L. Briccetti, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, New York 10601

  Re: Michael Goldstein, et al. vs. Solucorp Indus. Ltd., et al.
    <u>United States District Court, S.D.N.Y. - Docket No. 11-CIV-6227</u>

Dear Honorable Sir:

  I am in receipt of Mr. Lash's letter of even date and I wanted to submit a short reply. First of all, Mr. Lash and the other counsel in this matter have been the consummate professionals. I assure them and this Honorable Court that I am not trying to frustrate or delay the discovery process. It is just I have never dealt with a situation where I represent a company but have no client.

  Mr. Lash is correct that I did make a prior motion before this Honorable Court to be relieved as counsel for certain defendants. My motion was granted. However, at that point in time, I did not move to be relieved from representing Solucorp, London Venture or Mr. Kemprowski. At that point, Mr. Kemprowski was not sick and I had a client to speak with.

  Since that last application, Mr. Kemprowski was diagnosed with and has died from an aggressive form of cancer. While I have not been paid by Solucorp in some time, this is not about money. I have no client to consult with, to discuss the facts of this case with. My "clients" have no office, no telephone number, no files, no employees, no bank account. The directors have no idea of what is going on.

*Michael Goldstein, et al. v. Solucorp, et al.*
July 16, 2014
Page 2

  Over the past few days, I have reviewed the file in preparation for tomorrow's deposition and I have no one to answer my questions about the case. I can not ask questions at a deposition when I do not know the context in which I would be asking them. Mr. Kemprowski was not only my primary contact he was my ONLY contact with Solucorp and London Ventures. He is dead. I have no one else to consult with. Mr. Mantia, while still my client, has not been a consultant with Solucorp for several years. His knowledge about the recent workings of Mr. Kemprowski is non-existent. I was under the impression that once Mr. Kemprowski died that this matter would be stayed as there is was no one appointed from his estate to represent him. Again, without Mr. Kemprowski or someone having been appointed from his estate, I have no client to represent.

  Again, I am not looking to delay matters but since Mr. Kemprowski's death and the circumstances surrounding his intricate involvement with those corporate Defendants I still represent, I surmise that this situation is not one that this Honorable Court is often faced with. I am lost. Therefore, I respectfully seek the Court's permission to be relieved as counsel.

  I thank the Court for its time and consideration.

          Very truly yours,

          CONDON & ASSOCIATES, PLLC

         By: _/s/ Brian K. Condon_
            Brian K. Condon

BKC/dc

cc: Robert L. Lash, Esq.
   Evan Newman, Esq.
   Joseph Cannella, Esq.