**MEMO ENDORSED**          September 4, 2014

<u>Via Priority and</u>
<u>First Class Mail</u>

Clerks Office
Pro Se Intake Unit, Room 146
United States District Court
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY  10601-4150

*Clerk is instructed to add the below address as to docket for Defendant Richard Greene.*

*So ordered*
*WBr, USDJ*

Re: *Goldstein, et al. Solucorp, et al.*
    7:11-cv-6227 (VLB)

Dear Judge Briccetti:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-10-14

In response to the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO STRIKE THE ANSWERS OF DEFENDANS RICHARD GREENE, SOLUCORP AND
LONDON VENTURES:

It has just been brought to my attention that my motion for a stay was denied.  As you aware,
I am incarcerated until January 19, 2015.  This is the reason that I requested the stay, so that I
could give my deposition while not incarcerated.  The denial of the stay was never sent to me at
the prison facility.  The first correspondence that I have received was the above named motion to
strike my answers to the interrogatories.

I am more than willing to cooperate and give my deposition at the location of my
incarceration.  I am at the <u>Federal Prison Satellite Camp</u> located at 15801 SW 137th Ave, Miami,
<u>FL 33177.</u>  My counselor's name is Ms. Holland.  Ms. Holland contacted me regarding a
deposition and I denied this request because I was unaware that my stay had not been granted.
Again, I am happy to cooperate and give my deposition as requested.  Please have counsel
contact Ms. Holland to make arrangements for the deposition.

Very truly yours,

Richard P. Greene, Defendant

cc. (via First Class Mail)
    Herzfeld & Rubin, P.C.
    Robert Lash



# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDSTEIN, GOLDSTEIN )
GROUP HOLDINGS,INC., BERNARD )
KHAN, DAVID WEINBERG, and RAPHAEL )
KNEPLER )
)
              Plaintiffs )    Case No. 11-cv-6227 (VLB)
)
          v. )    Civil Action
)
SOLUCORP INDUSTRIES, LTD., LONDON )
VENTURES CAPITAL CORP., MICHAEL
REIDEL, RICHARD RUNCO, RICHARD        DEFENDANT GREENE'S MOTION
GREENE,ISRAEL TYBERG, PETER        TO STAY PROCEEDINGS AS TO
MANTIA,and JOSEPH KEMPROWSKI        DEFENDANT GREENE

           Defendant(s)

**Defendant respectfully requests the Court to issue an order to stay the proceedings of this case until Defendant Greene becomes available pursuant to the Notice of Unavailability filed herewith. The Defendant has filed the following documents in support of this Motion.**

**1.A copy of a check in the amount of $500,000 payable to Defendants business as escrow agent and for which Plaintiff was issued 1,470,588 shares of EMHI common stock set forth as ( Exhibit A). The check was never able to be cashed and the shares were utilized by Plaintiff in a transaction resulting in financial gain to the Plaintiff and subsequently being reported as lost by the Plaintiff when East Morgan Holdings requested the shares back.**

**2.    A copy of a notarized affidavit of Defendant dated January 10, 2012(Exhibit B) which indicates in paragraph 6 that 1,470,588 voting common shares of EMHI were cancelled for non-payment of $500,000 which was held by Defendant in the form of a bad check.**

**3. A Memorandum from Defendant to Plaintiff dated September 2, 2010 (Exhibit C) which clearly indicates that the attorney for East Morgan reviewing and giving the opinion on the S-1 filing Wani Manly, Esq. and not the Defendant as Plaintiff claims.**

**4. A notarized affidavit (Exhibit D) executed by the President of East Morgan Holdings stating that Plaintiff's $500,000 check to purchase 1,470,588 shares of EMHI was never negotiable and that based on Plaintiff's representation that the certificate issued to Plaintiff**

was lost, the transfer agent should re-register the certificate back to the Company. Mr. Runco was not aware at that time that Plaintiff had in fact utilized the very shares he had not paid for in a transaction which financially benefitted Plaintiff. Plaintiff, with unclean hands then misrepresented to EMHI that the shares were in fact lost which was reported to American Registrar and Transfer, the transfer agent for EMHI.

## CONCLUSION

It is Defendant Greene's contention that based on the bad faith actions of the Plaintiff and his intentional misrepresentations and for purposes of judicial economy, this case should be dismissed. In any event, Defendant Greene should have every opportunity to defend his position and provide a meritorious defense. For these reasons, Defendant Greene respectfully requests that his Motion To Stay these proceedings with respect to Defendant Greene should be granted because it is fair and just under the circumstances.

Date: May 6, 2014,

_____
Richard P. Greene (Pro se), For the Defendant
3972 S.W. 135th Ave, Davie, FL, 33330
Rpgreene1228@gmail.com
(954) 351-2553

cc: (via priority mail)
    Israel Tyberg
    East Morgan Holdings,Inc.