UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDSTEIN, GOLDSTEIN GROUP
HOLDINGS, INC., BERNARD KAHN, DAVID
WEINBERG and RAPHAEL KNEPLER,

                       Plaintiffs,

      - *against* -

SOLUCORP INDUSTRIES, LDT., EAST MORGAN
HOLDINGS, INC., LONDON VENTURES CAPITAL
CORP., MICHAEL REIDEL, RICHARD RUNCO,
RICHARD GREENE, ISRAEL TYBERG, PETER
MANTIA and JOSEPH KEMPROWSKI,

                       Defendants.

11 Civ. 6227 (VB)(PED)

MEMORANDUM
AND ORDER

This order addresses the motion of non-party J L Providers, Inc. ("JLP") to intervene in this action pursuant to Fed.R.Civ.P. Rule 24(a)(2) or 24(b)(2). See Docket No. 126 (Amended Motion to Intervene ("Int. Mot.")). JLP seeks to intervene on the ground that it is the *de facto* owner of the shares of East Morgan Holdings, Inc. ("EMHI") stock which are the subject matter of this action. For the reasons set forth below, the motion is DENIED.[1]

---

[1] This matter comes before me pursuant to an order of reference for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) and Dispositive Motion (i.e., motion requiring a Report and Recommendation). See Docket No. 137. Because a motion to intervene is non-dispositive, this Court can rule on this motion and is not limited to recommending a disposition. Grewal v. Cueno, 2014 WL 2095166 (S.D.N.Y. May 20, 2014); United States v. Certain Real Prop. & Premises Known as 1344 Ridge Rd., Laurel Hollow, Syosset, N.Y., 751 F. Supp. 1060, 1061 (E.D.N.Y. 1989).

## BACKGROUND

JLP moves to intervene in this securities fraud action. Plaintiffs oppose the motion; defendants either support the motion or take no position. Docket No. 144 (Plaintiffs' Memorandum of Law In Opposition to Motion of JL Providers to Intervene, dated September 10, 2013) ("Pls' Opp,")). Plaintiffs' Amended Complaint alleges that Defendants induced them to invest over $1 million in Defendant's companies based on fraudulent misrepresentations and omissions. See Docket No. 36. Plaintiffs seek money damages and other relief.

On August 27, 2014, almost three years after Plaintiffs filed their original complaint on September 6, 2011, and after completion of substantially all discovery, JLP moved to intervene. See Int. Mot. On September 10, 2014, Plaintiffs filed papers in opposition. See Pls' Opp. On September 23, 2014, the Court heard argument.

By its proposed Complaint in Intervention, JLP seeks imposition of a constructive trust with respect to certain shares of EMHI stock it contends are at issue in this action, as well as an injunction requiring that the shares be re-issued in its name. See Docket No. 127 (Affirmation of Joel Landau in Support of Int. Mot., August 27, 2014) ("Landau Aff."), Ex. 2 at 2. JLP claims that it provided Plaintiff Michael Goldstein with the money to broker a transaction with EMHI and to obtain shares in JLP's name. Int. Mot. at v. JLP further claims that Goldstein fraudulently produced copies of Stock Purchase Agreements and Share Certificates in JLP's name, which Goldstein later altered to reflect Goldstein's own company as the purchaser of the shares. Id. at v-vi. JLP seeks possession of the shares themselves and claims that its rights could somehow be impaired by rulings in this case. See id. at v, 5-6. JLP also states that in the event its motion is denied, it "would simply commence a separate action . . . ." Id. at 8.

## APPLICABLE LAW

Rule 24 provides for two types of intervention: intervention "of right" and "permissive" intervention. Fed.R.Civ.P. 24(a), (b). A court must grant intervention "of right" to any person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). Alternatively, a court may grant "permissive" intervention, in its discretion, to any person who "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B).

The standard for intervention of right is well established. Under Federal Rule of Civil Procedure 24(a) the movant must satisfy four criteria: the proposed intervenor must "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir.2001). Failure to meet any one of these four requirements is grounds for denial. MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 389 (2d Cir.2006). Moreover, the proposed intervenor's interest in the proceeding must be "direct, substantial, and legally protectable." Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir.1990) (citing Donaldson v. United States, 400 U.S. 517, 531 (1971) (additional citations omitted)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Id. at 97 (citations omitted).

Under Rule 24, the threshold inquiry is whether the application for intervention is timely. "The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." United States v. Yonkers Bd. of Educ., 801 F.2d 593, 594–95 (2d Cir.1986); see also NAACP v. New York, 413 U.S. 345, 366 (1973). "Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness." MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 390 (2d Cir. 2006).

Rule 24(b) provides for permissive intervention upon a "timely motion" when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). "In exercising its discretion [to grant or deny permissive intervention] the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). A "district court has broad discretion to deny an applicant's motion for intervention under Rule 24(b)(2). In fact, a denial of permissive intervention has virtually never been reversed." Catanzano by Catanzano v. Wing, 103 F.3d 223, 234 (2d Cir.1996).

# ANALYSIS

## I. JLP Is Not Entitled to Intervention of Right

### a. Timeliness

JLP's motion does not meet the threshold requirement for intervention because it is untimely. This lawsuit began more than three years ago and JLP had constructive notice, if not actual notice, of events related to the lawsuit well before moving to intervene. Plaintiffs claim, based on third party deposition testimony, that JLP had actual notice of its claim "a couple of years ago." Pls' Opp at 2; Docket No. 145 (Declaration of Robert Lash in Opposition to Int. Mot., September 10, 2014) ("Lash Decl."), Ex. A at 42-43 (stating that Joel Landau, principal of JLP, told Samuel Tress, Director and CEO of EMHI, that Landau was "scammed out of a substantial amount of money by Goldstein"). JLP asserts that it had no notice of this action until less than sixty days before filing its Motion to Intervene on August 27, 2014. See Int. Mot. at 3. However, it is clear that JLP had constructive notice of this lawsuit and the claims it seeks to assert no later than March 2014, when Joel Landau executed two sworn statements stating that he gave Goldstein the money that was used to purchase EMHI shares. See Lash Decl., Ex. C. This Court cannot conceive of a scenario in which Landau—upon being asked to provide sworn statements concerning his transaction with Goldstein—would not be chargeable with at least constructive notice of the fact that the transaction was the subject of legal proceedings of some kind.[2] The Court also cannot ignore the obvious fact that Landau, having provided more than $1

---

[2] Landau had unequivocal actual notice of this lawsuit no later than May 20, 2014, when he was served with a deposition subpoena by defendant Michael Reidel. See Docket No. 114 (First Letter Motion from Evan Newman, counsel for Defendant Michael Reidel, August 14, 2014, Ex. B (Subpoenas with Affidavits of Service)).

5

million to Goldstein, had every incentive to monitor and follow up on developments relating to his investment.

JLP's delay in seeking to intervene also implicates the second prong of the timeliness test, which assesses the prejudice to existing parties resulting from delay. Discovery in this case is nearly complete. JLP claims it "does not seek any additional discovery" and that consequently, its intervention "would not result in undue delay or prejudice to the existing parties." Int. Mot. at 4-5. However, this case (as presently configured) has centered on transactions between Goldstein and the defendants, whereas JLP's proposed claims focus on the wholly distinct transaction between Goldstein and Landau. If JLP is permitted to intervene, Plaintiffs and other parties would be entitled—and perhaps obligated—to pursue discovery concerning Goldstein's transaction with Landau. Consequently, JLP's concession not to seek discovery does not cure the inevitable delay and ensuing prejudice to the existing parties that would result if JLP is permitted to intervene.

Lastly, JLP has not established that it will be prejudiced if it is not permitted to intervene. JLP vaguely asserts that "there is a substantial likelihood that issues of fact and/or law will be decided which directly affect its rights," without any further explanation to substantiate this claim. Int. Mot. at 6. Moreover, JLP's concession that it could pursue its claim in a separate action show that denying intervention here will not prejudice JLP's rights.

### b. Interest in the Action

JLP's interest in this action does not warrant intervention because JLP's claims are distinct from the subject matter of this litigation. Plaintiffs seek damages for fraud based on alleged misrepresentations by Defendants, whereas JLP seeks a determination that it owns EMHI shares purchased with its money that should have been issued in its name. Plaintiffs dispute that the shares for which they seek redress are even the same shares JLP claims to own. Pls. Opp. at 3 ("[T]he shares reflected in [the Stock Purchase Agreement upon which JLP relies] were never paid for and are not the subject of this action."). Regardless, whether defendants fraudulently induced Plaintiffs to purchase the shares is entirely distinct from any determination as to whether JLP is the true owner of the shares.

### c. Impairment by Disposition of Current Action

As for the third factor, JLP must demonstrate that, absent intervention, its interest would be impaired by the disposition of the current action. "Because [JLP] remain[s] free to file a separate action, [it has] not established that [it] will be prejudiced if [its] motion to intervene is denied." In re Holocaust Victim Assets Litigation, 225 F.3d 191, 199 (2nd Cir. 2000)). JLP plainly states its intention to file a separate action if its motion to intervene is denied, and the Court knows of no reason why JLP would not be free to do so. Int. Mot. at 7-8 ("In the event that this Court denies the present intervention motion, JLP would simply commence a separate action . . . ."). For that reason, the Court finds that JLP fails to demonstrate that its interest would be impaired by the disposition of the action.

### d. Adequacy of Representation

As explained above, JLP's claim to ownership of the shares is distinct from Plaintiffs' securities fraud claims. Plaintiffs seek monetary damages and to set aside the purchase of the

subject shares, while JLP seeks to obtain possession of the EMHI shares to which it claims to be entitled. JLP's interest is too remote from Plaintiffs' objectives in this action to logically reach the question of representation of interests. Though "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal," Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10 (1972), and though a judgment in Plaintiffs' favor would not directly benefit JLP, this Court disagrees that JLP could lose the right to control its shares based on the outcome of Plaintiff's case.

Accordingly, JLP fails to satisfy the requirements for intervention of right pursuant to Rule 24(a)(2).

## II.     JLP Will Not Be Permitted to Intervene Under Rule 24(b)

As the previous discussion demonstrates, several factors in this case counsel against permitting JLP to intervene. Because the motion is untimely, and given the absence of any discernable prejudice since JLP can file a separate action, the Court sees no reason to grant permissive intervention. Allowing intervention at this late stage would give rise to numerous case management issues that could further delay this case, which has already been pending for more than three years. Meanwhile, Plaintiffs have an interest in securing relief as soon as possible, the parties have nearly completed a targeted course of discovery, and the case is moving toward resolution. Intervention by JLP could derail or delay those efforts. Cf. South Carolina v. North Carolina, 558 U.S. 256, 287 (2010) (Roberts, J., concurring in part and dissenting in part) ("Intervenors do not come alone—they bring along more issues to decide [and] more discovery requests . . . .").

## CONCLUSION

Accordingly, JLP's Motion to Intervene is DENIED. The Clerk of the Court is respectfully directed to terminate the motion (Docket No. 126).

**SO ORDERED.**

Dated: October 17, 2014
       White Plains, New York

                                               Paul E. Davison
                                    United States Magistrate Judge