

# HERZFELD & RUBIN, P.C.
### ATTORNEYS AT LAW

125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

Brian T. Carr
bcarr@herzfeld-rubin.com
Direct Dial: (212) 471-8466

October 24, 2014

Hon. Paul E. Davison
United States Magistrate Judge
Southern District of New York
300 Quarropas Street, Courtroom 620
White Plains, NY 10601-4150

    Re:    *Goldstein et al. v. Solucorp, et al.*, Case No.: 11 Civ 6227 (VLB)

Dear Judge Davison:

    We represent plaintiffs in this matter. We submit this letter-motion requesting a further extension of time to move to substitute the proper party in place of deceased defendant Joseph Kemprowski. We first learned of Mr. Kemprowski's death when we were copied on the letter to the court from Mr. Kemprowski's attorney, Brian Condon, on May 29, 2014. We made efforts to determine whether an executor or administrator had been appointed by the Surrogate's Court and when we determined that no administrator had been appointed, we filed a Petition with the Surrogate's Court of the State of New York, Rockland County, File No. 2014-522, requesting that court appoint Stephen DeGroat, as Commissioner of Finance of Rockland County ("Mr. DeGroat"), an administrator for Mr. Kemprowski's estate.

    Under Fed. R. Civ. P. 25(a)(1), plaintiffs were initially given until August 28, 2014 to make a motion to substitute the administrator as the proper defendant.[1] However, pursuant to Fed. R. Civ. P. 6(b) and Fed. R. Civ. P. 25(a)(1), this Court has ample authority to enlarge plaintiffs' time to file their motion for substitution of the proper party in the stead of a deceased defendant. *See Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966); *see also Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) ("Plainly, then, if there was an inability or a significant difficulty in identifying Banerjee's legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution."); *Swiggett v. Coombe*, 2003 U.S. Dist. LEXIS 1006, *6 (S.D.N.Y. January 27, 2003) ("Difficulty in complying with the 90-day rule can be dealt with through Federal Rules of Civil Procedure 6(b)."); *Pastorello v. City of New York*, 2000 U.S. Dist. LEXIS 15137 (S.D.N.Y.

---

[1] Pursuant to Rule 25(a)(1), any motion for substitution must be made within 90 days following service of a statement noting the death, unless the court extends that time. Assuming Mr. Condon's May 29, 2014 letter constitutes proper notice, the deadline for a motion for substitution is August 28, 2014, unless extended by the court.

AFFILIATES

LIVINGSTON, NEW JERSEY    LOS ANGELES, CALIFORNIA    GARDEN CITY, NEW YORK

BUCHAREST, ROMANIA    YANGON, MYANMAR



**HERZFELD &
RUBIN, P.C.**
ATTORNEYS AT LAW        125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500  FAX 212 344-3333  WWW.HERZFELD-RUBIN.COM

Hon. Vincent L. Briccetti
October 24, 2014
Page 2

October 18, 2000) (finding that motion for enlargement of 90-day period in which to file motion for substitution was properly granted pursuant to Fed. R. Civ. P. 6(b) and 25(a)(1)).

Plaintiffs filed a Letter Motion for an Extension of Time on August 25, 2014, asking that this Court extend the time to make a motion to substitute the administrator as the proper defendant, to allow the Surrogate's Court of the State of New York, Rockland County time to review the Petition and appoint an administrator. This Court granted the plaintiffs an extension to October 31, 2014 (Doc. 122). However, the Surrogate's Court of the State of New York, Rockland County, has not yet issued Letters of Administration naming any party as Administrator of the Estate of Mr. Kemprowski. We appeared before Surrogate Hon. Walsh on October 14, 2014, along with counsel to Mr. DeGroat. At that time all parties agreed to a stipulation which requested that the Surrogate's Court grant Letters of Administration with Limitations to Mr. DeGroat. Please see the attached Stipulation as Exhibit "A." However, Letters have not yet been granted to Mr. DeGroat, and the October 31, 2014 deadline to substitute the administrator of the Estate of Mr. Kemprowski as the proper defendant is arriving shortly. Although plaintiff Michael Goldstein has filed an Affirmation of Urgency with the Surrogate's Court, it is unclear whether Letters will be issued in advance of the October 31, 2014 deadline. Please see the attached Affirmation of Urgency as Exhibit "B."

Pursuant to Rule 6(b), courts have liberally extended the time in which to move for substitution under Rule 25(a)(1) where, as in this case, there has been a delay in the appointment of an administrator for the decedent and/or difficulties in ascertaining such a representative, despite diligence on the part of the movant. *Kernisant v. City of New York*, 225 F.R.D. 422 (E.D.N.Y. 2005). Here, plaintiffs repeatedly checked with the Surrogate Court of the State of New York since we became aware of Mr. Kemprowski's passing in order to determine whether an executor or administrator had been appointed. Plaintiff Michael Goldstein took a further step in petitioning the Surrogate's Court to name Mr. DeGroat as administrator. We have acted diligently to effectuate the necessary appointment, but have been unable to secure the necessary letters from the Surrogate's Court despite our efforts.

Moreover, defendants will not suffer any prejudice by the enlargement of time for plaintiffs to make their motion for substitution. *Yonofsky v. Wernick*, 362 F. Supp. 1005 (S.D.N.Y 1973). Granting plaintiffs' motion will not cause any prejudice to defendants; to the contrary, not granting the enlargement of time for plaintiffs to file their motion for substitution will only cause unfair prejudice to plaintiffs. Respectfully, the Court should protect plaintiffs from being unfairly prejudiced by the delays of Kemprowski's estate in appointing a personal representative. *See Allah v. Juchnewioz*, 2003 U.S. Dist. LEXIS 16262 (S.D.N.Y. September 16, 2003) ("Rights of plaintiffs to substitution or to settlement of their claim against a decedent must



# HERZFELD & RUBIN, P.C.
ATTORNEYS AT LAW       125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

Hon. Vincent L. Briccetti
October 24, 2014
Page 3

be protected just as the rights of decedents and their estates." (quoting *Vandervelde v. Put & Call Brokers & Dealers Ass'n*, 43 F.R.D. 14, 17 (S.D.N.Y. 1967)).

      Accordingly, plaintiffs request an extension of time to substitute the proper party in Mr. Kemprowski's stead, since no executor or administrator has been appointed yet by the Surrogate's Court and thus there is no proper party who could be substituted. Once the Surrogate's Court appoints an administrator as requested in Mr. Goldstein's petition, plaintiffs will move for substitution.

                                              Respectfully submitted,

                                              Brian T. Carr

cc:     All counsel of Record

# EXHIBIT A