EXHIBIT B

From the South Florida Business Journal
:http://www.bizjournals.com/southflorida/stories/2003/09/08/daily31.html

# Lawyer pleads guilty to securities fraud

**South Florida Business Journal**

Date: Wednesday, September 10, 2003, 11:51am EDT

A Fort Lauderdale securities lawyer has pleaded guilty to securities fraud, the government said, adding he faces up to 10 years in prison, followed by supervised release, a fine of up to $1 million and court costs.

The U.S. Attorney's Office said Richard Greene entered his plea before U.S. District Court Judge William P. Dimitrouleas. Sentencing is scheduled for Dec. 5 before Judge Dimitrouleas.

The government said the conviction is the latest to stem from a two-year undercover investigation conducted by the FBI, named Operation Bermuda Short, which targeted corrupt practices in the South Florida securities industry.

In the investigation, an undercover FBI agent posed as a corrupt securities trader employed by a U.S. representative of a fictitious foreign mutual fund that had investors who had invested millions of dollars. The undercover agent claimed he could bribe two due diligence officers whose job was to research and approve which securities the agent would be allowed to purchase on behalf of the fund's investors. The undercover agent also claimed a purported manager of the mutual fund was corrupt and would approve stock purchases if paid a kickback.

The company involved in this case was MovieO Network. The government described MovieO as a development-stage company that said it would develop a system to download movies from the internet. Defendant Greene was the securities counsel for MovieO and its controlling shareholder, co-defendant Walter "Art" Dorow, the government said.

"Defendant Greene agreed to use his escrow account to facilitate payment of an undisclosed cash bribe or 'kickback' to the FBI undercover agent to induce the purported overseas fund to buy approximately 208,000 shares of MovieO stock at $2.50 a share for a total cost of $520,000 rather than shares of another company's stock," said the U.S. Attorney's Office.

The purchase was to unfold in two transactions, the office continued, describing a small, "test trade" of 8,000 shares for $20,000, and a later main purchase of 200,000 shares.

"In recorded meetings and telephone conversations, Greene learned that the $20,000 purchase price for the 8,000 share 'test-trade' would fund a $10,000 payoff to the two due diligence officers to approve the fund's purchase of MovieO stock," the U.S. Attorney's Office

said. "Greene was to be paid a $10,000 escrow agent fee for his role in disbursing the moneys to be used for the kickbacks in the transactions."

The office said the $20,000 payment and the larger kickback in connection with the 200,000-share transaction were disguised as bogus consulting fees arising from sham consulting agreements with the purported seller of the stock, a front corporation registered in the Bahamas.

"Greene approved the sham consulting agreements used to conceal the true nature of the transaction and disguise the flow of funds," the office said.

In January 2001, the government said, concluding its argument against him, Greene facilitated the test trade by transferring 8,000 shares of MovieO stock to the mutual fund and almost $20,000 in wire transfers from his escrow account into a co-defendant's bank account to be used to bribe the two due diligence officers.

Assistant U.S. Attorneys Edward C. Nucci and Stephen S. Stallings of the economic crimes section are prosecuting the case.

FindLaw® FOR LEGAL PROFESSIONALS

Supreme Court of Florida.

# THE FLORIDA BAR v. GREENE

THE FLORIDA BAR, Complainant, v. Richard Phillip GREENE, Respondent.

No. SC04-1595.

-- March 16, 2006

John F. Harkness, Jr., Executive Director, John Anthony Boggs, Staff Counsel, The Florida Bar, Tallahassee, FL, Alan Anthony Pascal, Bar Counsel and Eric Montel Turner, Bar Counsel, The Florida Bar, Fort Lauderdale, FL, for Complainant.Kevin P. Tynan of Richardson and Tynan, P.L.C., Tamarac, FL, for Respondent.

We have for review a referee's report regarding alleged ethical breaches by Richard Phillip Greene. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's findings of fact, recommendations as to guilt, and recommended discipline. We disbar Greene for five years, effective, nunc pro tunc, April 1, 2004.

1. Facts

A federal grand jury issued a five-count indictment charging attorney Richard Phillip Greene and others with the following felonies: Count 1, conspiracy to commit mail fraud and securities fraud; Count 2, mail fraud; Count 3, mail fraud; Count 4, securities fraud; and Count 5, securities fraud. Greene pled guilty to Count 5, and the remaining counts were dismissed. The federal court approved the plea agreement and Greene was convicted as charged in Count 5. Based on his conviction, this Court summarily suspended Greene for three years, see R. Regulating Fla. Bar 3-7.2 (providing for the summary suspension of an attorney convicted of a felony under applicable law), and The Florida Bar (the Bar) filed a two-count complaint alleging that Greene had committed ethical violations based on the following offenses: Count 1, securities fraud and trust account violations; and Count 2, mail fraud. The Court referred the matter to a referee. Greene filed a motion to

dismiss, which was denied, and the Bar filed a motion for summary judgment, which was granted.

The referee conducted a hearing on the issue of sanctions and made the following findings of fact:

1. Respondent was suspended by the Court on April 1, 2004, as a result of pleading guilty to his participation in a criminal conspiracy to commit securities fraud and mail fraud.

2. For a three year period from August 1999 to August 2002, Respondent acted as the securities counsel for MovieO Network, Inc. ("MovieO") and its controlling shareholder, Walter "Art" Dorow.

3. During that three-year period of time, Respondent agreed that a $250,000 undisclosed bribe or kickback would be paid to an undercover FBI agent, posing as a foreign mutual fund manager and using the name of Michael Patterson, so the agent would induce the mutual fund to buy approximately 200,000 free-trading shares of MovieO stock at $2.50 per share for a total cost of $500,000.

4. Respondent also agreed to pay various kickbacks to two cooperating witnesses involved in the transactions.

5. Respondent conducted a $20,000 "test" trade in order to facilitate the fraudulent conduct.

6. Because of Respondent's involvement in the securities fraud scheme, The Florida Bar requested Respondent's trust account records, but he failed to provide the Bar with the records as requested.

7. Respondent failed to produce his deposit slips or some form of deposit record.

8. Additionally, Respondent caused to be sent by private and commercial interstate carriers certain documents related to the fraudulent securities transactions thereby committing mail fraud.

Based on the above findings of fact, the referee recommended that Greene be found guilty as follows:

A. I recommend that Respondent be found guilty of violating Rule 3-4.3 [a lawyer shall not engage in misconduct or minor misconduct] of the Rules of Discipline and Rule 4-8.4 (b) [a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness] and Rule 4-8.4(c) [a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation] of the Rules of Professional Conduct and Rule 5-1.2(b)(2) [a lawyer shall maintain original or duplicate deposit slips

clearly identifying the date and source of trust funds received and the client or matter for which the funds were received] of the Rules Regulating Trust Accounts.

The referee made the following recommendation as to disciplinary measures to be imposed:

I recommend that Respondent be found guilty of misconduct justifying disciplinary measures, and that he be disciplined by:

A. Disbarment with an opportunity to apply for readmission as provided in the Rules.

B. Payment of The Florida Bar's costs in these proceedings.

And finally, in recommending imposition of the above disciplinary measures, the referee took into account the following factors:

A. Personal History of Respondent:

Age: 49.

Date Admitted to the Bar: October 25, 1985.

B. Aggravating Factors:

(1) Prior Discipline:

-(a) April 14, 1997, Admonishment, The Florida Bar file no.1996-51,548(17H) [admonishing respondent for minor misconduct arising from conflict of interest in a stock sale transaction].

-(b) April 1, 2004, Felony Suspension, Supreme Court case no. SC03-2159 [suspending respondent for three years under the felony conviction provision in rule 3-7.2].

(2) Standard 9.22(i)-substantial experience in the practice of law.

C. Mitigating Factors:

(1) Standard 9.32(g)-evidence of good character and reputation.

Greene petitions for review, claiming that the referee erred in denying his motion to dismiss and in granting the Bar's motion for summary judgment and that the proper discipline in this case is a two-year suspension, not disbarment. The Bar, on the other hand, asks the Court to approve the referee's report in all respects.

2. Motion to Dismiss

A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. See, e.g., Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla.1983) ("For the purposes of a motion to dismiss . allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff."). Dismissal may be based on various grounds, including failure of the complainant to abide by the applicable rules of procedure. See, e.g., Fla. Bar v. Rubin, 362 So.2d 12 (Fla.1978). A ruling on a motion to dismiss based on a pure question of law is subject to de novo review. See, e.g., Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000) ("A trial court's ruling on a motion to dismiss based on a question of law is subject to de novo review.").

Generally speaking, a complaint in a Bar disciplinary proceeding must be preceded by a grievance committee's finding of probable cause. See R. Regulating Fla. Bar 3-3.2. There are exceptions, however, see R. Regulating Fla. Bar 3-3.2(b) (listing several exceptions to the probable cause requirement), and specifically, rule 3-7.2(i) provides:

(2) Conclusive Proof of Probable Cause. A determination or judgment of guilt, where the offense is a felony under applicable law, shall constitute conclusive proof of probable cause and The Florida Bar may file a complaint with the Supreme Court of Florida . without there first having been a separate finding of probable cause.

R. Regulating Fla. Bar 3-7.2(i)(2).

In the present case, Greene contends that the referee erred in denying his motion to dismiss. Although he concedes that no prior finding of probable cause was required as to the securities fraud charge in Count 1 of the Bar's complaint, he claims that the complaint was flawed because it was not preceded by a grievance committee's finding of probable cause as to the trust account charge in Count 1 and the mail fraud charge in Count 2. We disagree. Greene pled guilty to the securities fraud charge in Count 5 of the federal indictment and the federal court convicted him of that offense. Count 5 of the indictment "realleged and incorporated" the factual predicate set forth in Count 1 of the indictment, and that factual predicate addressed both the trust account charge and the mail fraud charge as set forth in the Bar's complaint. Because Greene was convicted on the securities fraud charge and because he admitted the allegations in the indictment as to the other two related charges, no prior finding of probable cause was required as to those related charges prior to the filing of the Bar's complaint. We approve the referee's denial of Greene's motion to dismiss.

3. Summary Judgment

Summary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings, and summary judgment is appropriate where, as a matter of law, it is

apparent from the pleadings, depositions, affidavits, or other evidence that there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. See, e.g., Fla. Bar v. Rapoport, 845 So.2d 874, 877 (Fla.2003) ( "[A] referee . has the authority to enter summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."). A ruling on a motion for summary judgment is subject to de novo review. See id. at 877 ("[T]he standard of review on summary judgment orders is de novo.").

In the present case, Greene contends that the referee erred in granting the Bar's motion for summary judgment. Although he concedes that his criminal conviction constitutes conclusive proof of guilt as to the securities fraud charge in the Bar's complaint, he contends that genuine issues of material fact exist as to the trust account charge and the mail fraud charge. We disagree. First, as to the trust account charge, rule 5-1.2(b) addresses minimum trust account records and provides as follows in relevant part:

(b) Minimum Trust Accounting Records. The following are the minimum trust accounting records that shall be maintained:

(2) Original or duplicate deposit slips and, in the case of currency or coin, an additional cash receipts book.

R. Regulating Fla. Bar 5-1.2 (emphasis added). The present record shows that Greene was given an opportunity to submit proof that he had complied with this rule and yet he failed to do so. In fact, he admitted in his answer that "the duplicate deposit slips were not produced to the Bar." A review of the record shows that no original or duplicate deposit slips were submitted by Greene. The referee properly granted summary judgment as to the trust account charge.

And second, as to the mail fraud charge, Greene pled guilty to Count 5 of the federal indictment, and that count realleged and incorporated all the allegations contained in paragraphs 1 through 13 and paragraphs 16 through 52 of Count 1 of the indictment. Paragraph 52 of Count 1 contained an omnibus provision that embraced all additional allegations in Counts 2 through 5 of the indictment. Specifically, Counts 2 and 3 of the indictment charged Greene with mail fraud. In light of the fact that Greene admitted committing the underlying acts that constituted mail fraud, the referee properly granted summary judgment as to that charge.

4. The Recommended Sanction

In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. However, generally speaking, this Court

will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).

In the present case, the recommended sanction of disbarment meets the above standard. First, disbarment has a reasonable basis in the Court's existing case law addressing felony convictions for fraud.[1] The main case offered by Greene to support suspension, Florida Bar v. Cohen, 919 So.2d 384 (Fla.2005), is distinguishable. In Cohen, after the lawyer pled nolo contendere to a felony marijuana possession charge and five related misdemeanor counts including driving under the influence, he was adjudged guilty of driving under the influence and the court withheld adjudication on the remaining felony and misdemeanor counts. This Court suspended him for ninety days, followed by three years' probation. Unlike the situation in the present case, the lawyer in Cohen had abused alcohol and other substances and had proven rehabilitation. The presumptive sanction there was a ninety-day suspension, not disbarment. See Fla. Stds. Imposing Law. Sancs. 10.3.[2] In addition, the referee found no aggravating circumstances and ten mitigating circumstances, including "personal or emotional problems" and "physical or mental disability or impairment." The Court noted that "Cohen did seek assistance from FLA [Florida Lawyers Assistance, Inc.] and began treatment with a psychologist, who determined that Cohen suffered from obsessive compulsive disorder. He has tested negative in all categories during random monthly drug tests since early in his recovery and has participated actively in his recovery program." Cohen, 919 So.2d at 388. The present case, in contrast, is not a substance abuse case and does not involve mitigation of the magnitude found in Cohen.[3]

And second, the recommended sanction of disbarment is authorized under the Standards for Imposing Lawyer Sanctions (Standards). The Standards provide that disbarment is the presumptive sanction for a lawyer convicted of a felony: "5.11 Disbarment is appropriate when: a. a lawyer is convicted of a felony under applicable law." Fla. Stds. Imposing Law. Sancs. 5.11. A presumptive sanction under the Standards is subject to aggravating and mitigating circumstances, and a referee's findings concerning aggravating and mitigating circumstances will be upheld if supported by competent, substantial evidence. See, e.g., Fla. Bar v. Spear, 887 So.2d 1242, 1247 (Fla.2004); Fla. Bar v. Barley, 831 So.2d 163, 170 (Fla.2002); Fla. Bar v. Bustamante, 662 So.2d 687, 689 (Fla.1995).

In the present case, the referee found several aggravating circumstances (prior admonishment for conflict of interest in a stock sale transaction, prior suspension for the felony conviction giving rise to the present case, and substantial experience in the practice of law) and one mitigating circumstance (evidence of good character and reputation). Greene contends that the referee erred in failing to find several additional mitigating circumstances. We disagree.[4] We agree with the referee that the lone mitigating circumstance in this case fails to outweigh the aggravating circumstances and is insufficient to overcome the presumptive sanction of disbarment.

5. Conclusion

Based on the foregoing, we approve the referee's rulings on the motion to dismiss and the motion for summary judgment. We also approve her factual findings and recommendation that Richard Phillip Greene be found guilty of violating rule 3-4.3 (a lawyer shall not engage in misconduct or minor misconduct), rule 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness), rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and rule 5-1.2(b)(2) (a lawyer shall maintain original or duplicate deposit slips clearly identifying the date and source of trust funds received and the client or matter for which the funds were received).

We approve the referee's recommended sanction of disbarment, which we conclude should commence on the date when Greene was suspended for the underlying federal securities fraud conviction. Accordingly, Richard Phillip Greene is hereby disbarred, effective, nunc pro tunc, April 1, 2004. Because Greene currently is suspended, there is no need for a close-out provision to protect existing clients. Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Richard Phillip Greene in the amount of $2,309.38, for which sum let execution issue.

It is so ordered.

FOOTNOTES

1. See, e.g., Fla. Bar v. Dougherty, 769 So.2d 1027 (Fla.2000) (approving disbarment following federal wire fraud conviction); Fla. Bar v. Bustamante, 662 So.2d 687 (Fla.1995) (approving disbarment following federal wire fraud conviction); Fla. Bar v. Levine, 571 So.2d 420 (Fla.1990) (disapproving recommended sanction of three-years' suspension and instead imposing disbarment following state securities fraud conviction); Fla. Bar v. Isis, 552 So.2d 912 (Fla.1989) (approving disbarment following state conviction for conspiracy to commit organized fraud); Fla. Bar v. Hosner, 536 So.2d 188 (Fla.1988) (approving disbarment following federal mail fraud conviction); Fla. Bar v. Haimowitz, 512 So.2d 200 (Fla.1987) (approving disbarment following federal fraud convictions).

2. Standard 10.3 provides that in situations where a Florida lawyer has been found guilty of felonious conduct involving the personal possession or use of a controlled substance and the lawyer has obtained assistance from Florida Lawyers Assistance, Inc., and has proven rehabilitation, the presumptive period of suspension is ninety days.

3. The other case relied on by Greene, Florida Bar v. Diamond, 548 So.2d 1107 (Fla.1989), also is distinguishable. There, the lawyer was convicted of six counts of federal mail fraud and wire fraud, and the Court approved the recommended sanction of three years' suspension. Unlike the present case, Diamond involved copious mitigation: Diamond was one of twenty-six defendants named in a forty-nine count federal indictment, and the federal judge who presided over the trial testified in the disciplinary proceeding on Diamond's behalf, stating that notwithstanding the verdict, he did not perceive Diamond as an active participant in an act of fraud; Diamond already had completed his federal

sentence and his civil rights had been restored; the President of The Florida Bar and the Mayor of Miami Beach and others testified as to Diamond's good reputation and his amenability to rehabilitation; and Diamond had an otherwise unblemished record.

4. Greene's claim of absence of dishonest or selfish motive is belied by the fact that he was to be paid substantially for undertaking the fraudulent actions for which he was convicted. His claim of cooperation with the Bar is belied by the fact that he refused to produce the original or duplicate deposit slips from his trust account. As for his claims of interim rehabilitation and imposition of other penalties, he fails to explain how those factors are applicable to him in light of the fact that he has not yet successfully completed his federal sentence. And finally, as for his claim of remorse, he relies solely on the testimony of his character witnesses, and yet the referee had an opportunity to observe the demeanor and credibility of those witnesses and she declined to find remorse as a mitigating circumstance. See, e.g., Fla. Bar v. Batista, 846 So.2d 479, 483 (Fla.2003) ("Because the referee is in the best position to judge the credibility of the witnesses, we again defer to the referee's assessment.").

PER CURIAM.

PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

Copyright © 2012 FindLaw, a Thomson Reuters business. All rights reserved.