July 28, 2015

Via Priority and
First Class Mail

Clerks Office, Courtroom 420
United States District Court
Honorable Paul E. Davison,
United States Magistrate Judge
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY   10601-4150



Re:  *Goldstein, et al. v. Solucorp, et al.*
     7:11-cv-6227 (VLB) – Letter for Motion of Summary Judgement

Dear Judge Davison:

Co-defendant Richard Greene states the following:

During the course of this lawsuit, Plaintiff has alleged that I represented myself as a practicing attorney and that I represented that the price of the stock would be $7.00 a share. I never represented either of those statements and in fact, have not represented myself as an attorney to any person or entity since March of 2004. There are no documents or other forms of communication which are contrary to my position. In fact, during my deposition, I came to the realization that co-defendant Kemprowski signed or otherwise affixed my signature to an agreement in connection with the acquisition of the East Morgan Holdings public shell company. I believe he not only signed one or more documents on my behalf, without my knowledge or permission, but that he also misrepresented my position as an attorney when in fact, he along with the Company's president Richard Runco participated with both myself and attorney Wani Manly on one or more telephone conversations. W. Manly, P.A. executed the legal opinion on the East Morgan Holdings registration statement. As I was asked questions during my deposition, it became very clear to me that certain misrepresentations pertaining to myself were made by Mr. Kemprowski to Plaintiff Goldstien when I was not involved or included in the conversations. At times when all 3 of us were on a call, those items alleged in the complaint were never discussed. Quite simply, Mr. Kemproski did what was best for himself even if it meant misrepresenting me as a practicing attorney even though he was acutely aware that I never represented myself as an attorney. He was also aware that I would never represent the price of the stock to be $7.00 a share especially since I had absolutely no contact with the brokerage firm in the transaction. It appears that Mr. Kemprowski controlled the timing and content of the conversations throughout the ENHI transaction. I came to the conclusion based on the nature of the questions during my deposition in Florida at the end of January 2015. I firmly believe both myself and Plaintiff Goldstien were intentionally misled. I further believe I should be dismissed from this lawsuit based upon this information.

Very truly yours,

Richard P. Greene

cc: (via US mail)
    John Carlson, Esq
    Evan Newman, Esq
    Joseph Leo Cannella, Esq.
    Michael R Rudick, Esq.
    Brian K. Condon, Esq.
    Israel Tyberg