UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDSTEIN, *et al.*,

                            Plaintiff,

        v.

SOLUCORP INDUSTRIES, LTD., *et al.*,

                            Defendants.

11 Civ. 6227 (VB)(PED)

<u>REPORT AND
RECOMMENDATION</u>

TO:   THE HONORABLE VINCENT BRICCETTI
       UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Plaintiffs bring this securities fraud action under the Securities Exchange Act of 1934 and New York state law claiming that defendants fraudulently induced them to invest in defendant Solucorp's shell company, East Morgan Holdings, Inc. by materially misrepresenting the value of the stock and failing to reveal that Solucorp had been enjoined from securities violations or that certain defendants were functioning as *de facto* officers of the company despite being barred from doing so.

Presently before this Court, pursuant to an Order of Reference (Dkt. 137), are one-page letter motions for summary judgment submitted by two defendants, Israel Tyberg and Richard Greene, each of whom appears *pro se*. (Dkt. 184, 187).[1] Tyberg, who plaintiffs contend fraudulently misrepresented the value of the stock to plaintiff Michael Goldstein, generally asserts that plaintiffs' claims against him should be dismissed "due to not having anything to do

---

[1] During the course of a conference held on May 8, 2015, several defendants indicated that they intended to move for summary judgment if the case did not settle. In order to accommodate ongoing settlement discussions, and to afford the *pro se* defendants ample time to prepare motion papers, the Court set a deadline of July 10, 2015 (later extended to July 31, 2015) for the filing of any and all dispositive motions. Only Greene and Tyberg have filed motions.

with it." (Dkt. 184).  Greene argues that he should be dismissed from the lawsuit because, contrary to plaintiffs' assertions, he neither represented that he was a practicing attorney in connection with the stock purchases nor did he represent that the price of the stock at issue would be $7.00 per share, and "there are no documents or other forms of communications which are contrary to [that] position." (Dkt. 187).

In opposition, Plaintiffs argue that (1) defendants' letter-motions are procedurally and substantively deficient under Federal Rule of Civil Procedure 56, and (2) "even if the deficiencies of defendant's letter-motions are overlooked, the contentions set forth therein do not entitle defendants to summary relief." (Dkt. 190).  Neither defendant filed a reply.

For the reasons set forth below, I respectfully recommend that each motion be **DENIED**.

## II. BACKGROUND

Plaintiffs Michael Goldstein, Goldstein Group Holdings, Inc. ("GGH"), of which Goldstein is President and sole shareholder, Bernard Kahn, David Weinberg, and Raphael Knepler bring this action against defendants Solucorp Industries, Ltd., East Morgan Holdings, Inc. ("EMHI"), London Ventures Capital Corp., Michael Reidel, Richard Runco, Richard Greene, Israel Tyberg, Peter Mantia, and Stephen DeGroat, Commissioner of Finance of Rockland County, as Administrator of the Estate of Joseph Kemprowski. (Dkt. 176).

Plaintiffs are shareholders of Solucorp and/or EMHI, which hold rights to certain patents and intellectual property used to remediate contaminants. (Dkt. 176 ¶¶ 9-13, 23).  Plaintiffs allege that defendants fraudulently induced them to invest in EMHI, a "shell company" for Solucorp. (Id. at ¶¶ 1, 46).  In the Second Amended Complaint, plaintiffs identify the roles of the various defendants in fraudulently inducing each plaintiff to invest in EMHI.  According to plaintiffs, defendants Richard Greene and Israel Tyberg are "agent[s] of Solucorp and EMHI,

and [were] paid a commission for inducing one or more of the plaintiffs to make their investments." (Id. at ¶¶ 19-20).  Plaintiffs assert that Tyberg first introduced Goldstein to defendant Michael Reidel, who falsely indicated that EMHI stock would soon be very valuable and offered to arrange a discounted sale of shares for Goldstein.  (Id. at ¶¶ 49-52, 89).  Plaintiffs claim that later that month, Tyberg called Goldstein multiple times to "push Goldstein to invest in EMHI" and negotiate the share price, despite failing to possess an applicable licence authorizing him to broker securities transactions.  (Id. at ¶¶ 20, 61).  According to plaintiffs, Tyberg also misrepresented that EMHI had a contract with Goldman Sachs that would soon dramatically increase the stock price, as well as a $30 million to $40 million contract with a solar company.  (Id. at ¶¶ 60-62).  Plaintiffs assert that the following month, Richard Greene spoke with Goldstein and "said that he was the attorney who was behind EMHI and would be handling Goldstein and GGH's purchases of EMHI shares," but omitted that he had pled guilty in federal court to securities fraud and had been disbarred.  (Id. at ¶¶ 77-79).

After discussing the investment with various other defendants, Goldstein signed an agreement purchase EMHI shares.  (Id. at ¶¶ 63-76, 81-85).  Subsequently, Goldstein learned that defendants had fabricated the agreement with Goldman Sachs and that, contrary to defendants' claims, the solar contract had been breached and was worth significantly less than $30 million annually.  (Id. at ¶¶ 89-90).  Plaintiffs assert that Goldstein and GGH purchased EMHI shares in reliance on the representations of the individual defendants, that defendants artificially inflated the market price of EMHI stock by disseminating materially false and misleading information and failing to disclose material facts, and that plaintiffs were damaged by acquiring the stock.  (Id. at ¶¶ 87, 181-82).  Plaintiffs allege that defendants' fraudulent scheme used plaintiffs' purchases of EMHI shares to reroute capital to Solucorp and its creditors,

and that defendants "abus[ed] the Solucorp corporate forum to create new, successive

opportunities to sell the same product on multiple occasions to others," which "depressed the

value of the EMHI stock well below the amount paid in purchase money." (Id. at ¶¶ 157, 160-

62).

## II. DISCUSSION

### A.    Standard of Review

Summary judgment may be granted when it is shown there is "no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "When ruling on a summary

judgment motion, the district court must construe the facts in the light most favorable to the

nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the

movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003); see also

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of showing that no

genuine issue of material fact exists rests on the party seeking summary judgment. See Adickes

v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Atl. Mut. Ins. Co. v. CSX Lines, L.L.C., 432

F.3d 428, 433 (2d Cir. 2005). "When the burden of proof at trial would fall on the nonmoving

party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of

fact on an essential element of the nonmovant's claim. In that event, the nonmoving party must

come forward with admissible evidence sufficient to raise a genuine issue of material fact for

trial in order to avoid summary judgment." Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145

(2d Cir. 2008) (internal citations omitted); see also Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 586 (1986).

Under Rule 56(a), a party seeking summary judgment must "identify[] each claim or

defense . . . on which summary judgment is sought" and must show "that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Under

Rule 56(c)(1)(A), a party's factual positions on summary judgment must be supported by

citations "to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made

for purposes of the motion only), admissions, interrogatory answers, or other materials."   Under

the local rules of this district, litigants are also required to provide "a separate, short, and concise

statement, in numbered paragraphs, of the material facts as to which the moving party contends

there is no genuine issue to be tried," and which includes citations to admissible evidence.

S.D.N.Y. Local Civ. R. 56.1(a)-(d).

   *Pro se* parties are entitled to special solicitude, so in the summary judgment context the

Court must be:

> mindful that a *pro se* party's pleadings must be "liberally construed" in favor of
> that party and are held to "less stringent standards than formal pleadings drafted
> by lawyers."   Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163
> (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d
> 652 (1972)).   The Second Circuit "liberally construe[s] pleadings and briefs
> submitted by pro se litigants, reading such submissions to raise the strongest
> arguments they suggest."   Bertin v. United States, 478 F.3d 489, 491 (2d
> Cir.2007) (internal quotation marks and citations omitted).   Nonetheless,
> "[p]roceeding pro se does not otherwise relieve a litigant of the usual
> requirements of summary judgment, and a pro se party's bald assertions
> unsupported by evidence, are insufficient to overcome a motion for summary
> judgment."   Rodriguez v. Hahn, 209 F.Supp.2d 344, 348 (S.D.N.Y.2002) (internal
> quotation marks and citation omitted).

Houston v. Teamsters Local 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund,

27 F. Supp. 3d 346, 351 (E.D.N.Y. 2014), appeal dismissed (Mar. 13, 2015).   Although *pro se*

litigants receive special consideration, "the appropriate degree of special solicitude is not

identical with regard to all pro se litigants," and "a lawyer representing himself ordinarily

receives no such solicitude at all." Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

**B.**    **Analysis**

The conclusory and unsubstantiated letter-motions submitted by the two moving

defendants fall so far short of the requirements of Rule 56 that there is no basis to reach the

merits or grant any relief.

During the course of a conference on May 8, 2015, with both Greene and Tyberg

participating by telephone, the Court established a briefing schedule which allotted defendants

two months to prepare summary judgment motions, expressly noting that the schedule would

"allow[] substantial time for *pro se* defendants to educate themselves about the provisions of

Rule 56." (See Courtflow, May 8, 2015; see also Minute Entry, May 8, 2015; Dkt. 188).  The

Court directed the *pro se* defendants' attention to the applicable rule a second time moments

later, admonishing them to "familiarize" themselves with Rule 56 in connection with the

preparation of any motions.  The Court subsequently granted Greene's request to extend the

deadline for three weeks, until July 31, 2015, based upon Greene's representation that his work

schedule did not permit him "adequate time to complete [his] motion."  (Dkt. 185, 188).  Despite

these accommodations, the letter-motions defendants have filed do not reflect any effort to

comply with Rule 56.

As an initial matter, plaintiff argues that both motions should be dismissed because

neither defendant filed a Local Civil Rule 56.1(a) statement.  See Local Civil Rule 56.1(a)

("[f]ailure to submit such a statement may constitute grounds for denial of the motion.")

Although noncompliance with Rule 56.1(a) is a valid basis to deny a summary judgment motion

in this district, see Keebler v. Rath, No. 04 Civ. 2758 (CS) (LMS), 2009 WL 7027480, at *4

(S.D.N.Y. Feb. 24, 2009) report and recommendation adopted, No. 04 Civ. 2758 (CS), 2009 WL

877703 (S.D.N.Y. Mar. 26, 2009),[2] the court has discretion "to overlook a party's failure to comply with local court rules," Holtz v. Rockefeller, 258 F.3d 62, 73 (2d Cir. 2001), and I do not regard Rule 56.1(a) as an appropriate basis to deny relief to a *pro se* litigant, at least where, as here, there is no evidence that the unrepresented litigant was aware of the rule.[3]

The moving defendants certainly *were* on notice that their motions had to comply with Rule 56, however, and each defendant's failure to comply with the rule is a fundamental defect precluding relief. Neither defendant has "identif[ied] each claim or defense . . . on which summary judgment is sought" or shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. Neither defendant has supported his motion with citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A), Fed. R. Civ. P. Even liberally construed, neither letter-motion contains the necessary elements to support relief under Rule 56.

### 1. Israel Tyberg's Submission

Tyberg's unsworn half-page letter-motion implores the Court to "totally remove me from this case, due to not have anything to do with it, and there is no basis that I should be on this case al [sic] all." (Dkt. 184). Tyberg states that he "filed a document . . . last year, with a full detail,

---

[2] Copies of unpublished opinions and decisions available only in electronic form cited herein have been mailed to pro se defendants. See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

[3] Local Civil Rule 56.2 requires a represented party moving for summary judgment *against* a *pro se* party to serve a notice on the unrepresented party which includes the full text of Rule 56.1. No similar procedure applies here, where the unrepresented party is *making* the motion.

and description, why [he] shouldn't be on the case" and requests that this Court "refer to the previous document." (Id.)  He further states that he "was late filing the motion and the judge therefore didn't consider the document," but the "document is essential as they explain why [he] should be removed from the case entirely . . . as there are no grounds for [him] to be on it!" (Id.).

Although Tyberg fails to specify the document to which he refers, he presumably wishes to incorporate the unsworn one and a half page letter submitted on March 12, 2014 (Dkt. 79), which your Honor construed as a motion to dismiss the First Amended Complaint and denied as untimely.  (Dkt. 82).  In that letter, Tyberg stated that, approximately three months after he received a "blessing for success" from "a certain Rabbi in Israel" and purchased shares in EMHI, the Rabbi connected him with Michael Goldstein to discuss Goldstein's potential investment in the company.  (Dkt. 79).  Tyberg claims that he and Goldstein "had spoken on the phone a few times" regarding Tyberg's recent purchase of his EMHI shares and his belief that "it will succeed." (Id.).  Once he gave Joseph Kemprowski's telephone number to Goldstein, Tyberg states that he called Goldstein "numerous times, as . . . a shareholder wanting to know for some positive information" but Goldstein "didn't want to discuss anything, saying he is dealing with the principles [sic]."  Tyberg claims to have "never met Michael Goldstein in person" and not "know who he is." (Id.).  In his 2014 letter, Tyberg characterizes plaintiffs' claim that Tyberg convinced Goldstein over the phone to buy the EMHI shares as "totally ridiculous," "an absolute disgrace" and "absolutely absurd!" (Id.).

Even if Tyberg's terse letter-motion is considered in conjunction with his 2014 letter, this defendant has wholly failed to cite any portion of the record or to present any information in admissible form.  Instead, his submission amounts to an unsworn, one-sided recitation of

Tyberg's version of the facts, accompanied by generalized pleas for the Court to remove him from the case.  Even allowing for defendant's *pro se* status, Tyberg fails to meet his burden under Rule 56.

### 2.  Richard Greene's Submission

Greene's unsworn, one page letter-motion fares no better, as Greene has also failed to present any evidence or law to support his motion.[4]  Greene claims that although plaintiffs "alleged that [he] represented [him]self as a practicing attorney and . . . that the price of the stock would be $7.00 a share, . . . [he] never represented either of those statements . . . ." (Dkt. 187). Greene levels various allegations against co-defendant Joseph Kemprowski, based on "the nature of the questions during [Greene's] deposition in Florida at the end of January 2015." (Id.). Greene surmises that Kemprowski "signed or otherwise affixed [Greene's] signature to an agreement in connection with the acquisition" of EMHI without Greene's "knowledge or permission," and that Kemprowski "misrepresented [Greene's] position as an attorney when in fact, he . . . participated with both [Greene] and attorney Wani Manly [who 'executed the legal opinion on the East Morgan Holdings registration statement'] on one or more telephone conversations." (Id.)  Greene asserts that it "became very clear . . . that certain misrepresentations pertaining to [Greene] were made by Mr. Kemprowski to Plaintiff Goldstien [sic] when [Greene] was not involved or included in the conversations," and that "Mr. Kemprowski controlled the timing and content of the conversations throughout the ENHI [sic] transaction." (Id.).  In sum, Greene asserts, without presenting any evidence, that he and

---

[4]  Richard Greene is a former attorney who has been disbarred.  (Dkt. 191, Exh. 7, at 13-16, 26).  In light of his legal training and experience, it is unclear whether Greene is entitled to any special solicitude in construing his filings.  See Tracy, 623 F.3d at 101.  However, defendant Greene's submission is insufficient even under the lenient standard applicable to *pro se* litigants.

Goldstein were "intentionally misled" and he should therefore be dismissed from the suit.  (Id.).

Greene's unsubstantiated suspicions and general denials are insufficient to support summary judgment, and therefore the Court finds that Greene fails to meet his burden under the Rule.

## III. CONCLUSION

For the aforementioned reasons, I respectfully recommends that both motions for summary judgment be **DENIED**.

Dated: September 18, 2015
      White Plains, New York

Respectfully submitted,

Paul E. Davison, U.S.M.J.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, from the date hereof to file written objections to this Report and Recommendation.  Fed. R. Civ. P. 6(a).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent Briccetti, United States District Judge, at the Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.


Copies Mailed By Chambers To:

Richard Greene
3972 SW 135th Ave.
Davie, FL 33330

Israel Tyberg
123 Avenue J
Brooklyn, NY 11230