

**HERZFELD &
RUBIN, P.C.**
ATTORNEYS AT LAW     125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

December 7, 2015

**Michael R. Rudick**
Direct Line: (212) 471-8473
mrudick@herzfeld-rubin.com

<u>**Via ECF**</u>
Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

    Re: *Goldstein, et al. v. Solucorp, et al.*, Case No. 7:11-cv-06227 (VLB)

Dear Judge Briccetti:

  We represent plaintiffs Michael Goldstein, Goldstein Group Holdings, Inc., Bernard Kahn, David Weinberg and Raphael Knepler (hereinafter referred to collectively as "Plaintiffs")[1] in this action, and are submitting this Joint Status Letter on behalf of all parties, pursuant to the instruction received from this Court at the Status Conference held on November 18, 2015. (*See* ECF Doc. 204). All parties have reviewed and join in this letter.

  As set forth in greater detail in Plaintiffs' Second Amended Complaint (ECF Doc. 176), this is an action for securities fraud against defendants Solucorp Industries, Ltd. ("Solucorp"), East Morgan Holdings, Inc. ("EMHI"), London Ventures Capital Corp. ("London Ventures"), Michael Reidel ("Reidel"), Richard Runco ("Runco"), Richard Greene ("Greene"), Israel Tyberg ("Tyberg"), Peter Mantia ("Mantia"), and Stephen DeGroat ("DeGroat"), as Commissioner of Finance of Rockland County, as Administrator of the Estate of Joseph Kemprowski ("Kemprowski") (collectively referred to hereinafter as "Defendants").

  Plaintiffs allege that the Defendants engaged in a concerted, collective effort to design and execute a fraudulent "pump and dump" scheme by which Defendants artificially inflated (i.e., "pumped"), and otherwise misrepresented the value of Solucorp and its "shell company" EMHI, with the accomplished intent to secure profits by "dumping" the companies' inflated

---

[1] We no longer represent Jacob Weiss, who was included as a named plaintiff in the original Complaint (see ECF Doc. 1), but has since decided against participating in this action. The docket indicates that his involvement was terminated on March 31, 2015.



HERZFELD & RUBIN, P.C.
ATTORNEYS AT LAW

Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
December 7, 2015
Page 2

shares on unsuspecting, less-sophisticated investors like Plaintiffs. Plaintiffs have set forth the following causes of action against Defendants:

1. §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 (Exchange Act Violations Based on Misrepresentations, Omissions and Market Manipulation);
2. §10(b) of the Exchange Act, and SEC Rule 10b-5 (Exchange Act Violations Based on Market Manipulation);
3. Common Law Fraud and Fraud Conspiracy;
4. Promissory Estoppel; and
5. Unjust Enrichment.

Defendants Kemprowski and Mantia are former Solucorp executives and directors, who were convicted of securities fraud in 2003 and permanently barred from serving as officers and/or directors of any publicly traded company, directly or indirectly. (*See* ECF Doc. 176, pp. 5-9; *SEC v. Solucorp*, 274 F. Supp. 2d 379 (S.D.N.Y. 2003)). In spite of this ban, it is alleged that Kemprowski and Mantia continued to serve as *de facto* officers and directors of Solucorp, that Kemprowski was thereafter principally involved in locating and purchasing the EMHI shell, and that Kemprowski and Mantia were responsible for orchestrating the scheme to defraud Plaintiffs. It is also alleged that Kemprowski and/or Mantia personally met with each of the Plaintiffs in an effort to induce their investments in Solucorp and/or EMHI, and that Kemprowski utilized London Ventures, an offshore company that he owned either directly or indirectly, as a vehicle for holding a portion of the investments illicitly obtained from Plaintiffs.

Kemprowski, Mantia, Solucorp, EMHI and London Ventures were all initially represented by Brian Condon, Esq. of Condon & Associates, PLLC. Mr. Condon has since been relieved as counsel for Kemprowski, Solucorp (which is now represented by John Carlson, Esq.), EMHI (which is now represented by Joseph Cannella, Esq. of Eaton & Van Winkle LLP) and London Ventures (against whom Your Honor instructed the Clerk to enter a default judgment on February 17, 2015). Mr. Condon continues to represent Mantia. (*See* ECF Doc. 67, 87, 146, 156, 172).



HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
December 7, 2015
Page 3

Kemprowski passed away on May 28, 2014. With the permission of this Court (ECF Doc. 175), Plaintiffs filed their Second Amended Complaint substituting DeGroat, the Commissioner of Finance of Rockland County, as a defendant in his capacity as Administrator of the Estate of Joseph Kemprowski. (*See* ECF Doc. 175, 176). DeGroat was duly served with the Second Amended Complaint on April 7, 2015 (ECF Doc. 178), but has yet to appear in this matter, as evidenced by the Clerk's entry of a Certificate of Default on June 26, 2015 (ECF Doc. 183). Plaintiffs intend to move for default judgment on liability against DeGroat on or before December 18, 2015, as instructed by this Court at the November 18, 2015 Status Conference (ECF Doc. 204). Plaintiffs will request in that motion that an inquest be scheduled against all defaulting defendants at the time of the trial of this matter to afford Plaintiffs the opportunity to submit expert testimony regarding damages.

Defendant Runco is deceased and Plaintiffs have opted to voluntarily dismiss the claims against Runco, and have filed a Proposed Order for Voluntary Dismissal with Prejudice as to Runco Only, pursuant to F.R.C.P. 41(a)(2).

Reidel, Greene and Tyberg are each alleged to have served as agents of Solucorp and/or EMHI, who were paid commissions for fraudulently inducing one or more of the Plaintiffs to make their investments in Solucorp and/or EMHI. Plaintiffs also maintain that Greene—a disbarred attorney, who had his law license revoked after pleading guilty to felony securities fraud in September 2003—was: (1) introduced as, and held himself out to be, the attorney for EMHI; (2) partially responsible for locating and purchasing the EMHI shell; and (3) tasked with serving as the escrow agent in connection with Plaintiffs' transactions.

Solucorp, EMHI, Greene, Tyberg and Mantia have denied the allegations of the Second Amended Complaint as summarized above. EMHI believes that many of the factual allegations set forth above relating both directly and indirectly to EMHI are inaccurate.

Greene expressly denies all of the allegations made against him and maintains that he never presented himself as an attorney and received no commissions from these transactions.

Tyberg expressly denies all of the allegations made against him and has insisted upon the inclusion of the following statement regarding the claims asserted against him in this action:



Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
December 7, 2015
Page 4

> As to the allegations that the defendant Tyberg alleged to had served as agents of solucorp / Emhi who were paid commissions and inducing plaintiffs there investment's to solucorp/ Emhi.
>
> These allegations against Tyberg are absolutely false and not true and denied and a disgrace. To defend my self as prosay I have never seen Joe kaparovsky alleged CEO and I don't even know who these plaintiffs are such as Bernard Kahan ; David Weinberg ; or Raphael Knepler. The only one who I spoke to over the phone only is Michel Goldstein back in may 2010 a few times due to myself being a share holder of EMHI.
>
> The first time I ever saw him was at my deposition.
>
> I was never in the office of EMHI / Solucorp.
>
> To make this clear I NEVER got paid a single Penney commissions.
>
> These allegations are totally FALSE.[2]

Solucorp expressly denies all of the allegations made against it and its counsel has insisted upon the inclusion of the following statement regarding the claims asserted against it in this action:

> In August of 2014, the Internal Revenue Service entered two judgments against Solucorp, (file numbers 2014-00022028 and 00022045), in the amounts of $719,107.96 and $6,601,912.09 in Rockland County. Those judgments are unsatisfied.
>
> In the second half of 2103, James Ryan, who was then the acting President of Solucorp, died from cancer.
>
> In late 2013, Solucorp and Integrated Fixation Systems Co., Inc. commenced an action against First Solar, Inc. in the Delaware Chancery

---

[2] Although plaintiffs believe that Mr. Tyberg's statement is inappropriate in this letter, he insisted on its inclusion over plaintiffs' objection.



Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
December 7, 2015
Page 5

Court in New Castle County for (i) violations of the Delaware Uniform Trade Secrets Act, 6 Del. C. § 2001, *et seq.* ("DUTSA"); (ii) breach of fiduciary duty; (iii) breach of contract; (iv) breach of the implied covenant of good faith and fair dealing; (v) fraud; and (vi) unjust enrichment.. The case was then removed to the District Court for the District of Delaware (C.A. No. 13-cv-2006-GMS).

In the first quarter of 2014, Solucorp closed its offices and ceased all operations.

In the Spring of 2014, local Delaware counsel for Solucorp in the now-federal court proceeding, withdrew from representing Solucorp for non-payment of legal fees, and the action was marked off the court's calendar.

In May of 2014, defendant, Joseph Kemprowski, died from cancer.

Solucorp does not presently maintain a place for business, and has no officers or employees.

Solucorp has two directors: Arle Piero and John Van Duzen, a Canadian citizen. Ms. Piero is the wife of the late Joseph Kemprowski. She filed for personal bankruptcy under chapter 7 of the Bankruptcy Code in early 2015, and received a discharge in or about June of 2015.

Solucorp presently has no assets apart from certain patents which are subject to the IRS's judgment liens.[3]

Plaintiffs and Reidel have entered into a Settlement Agreement. Reidel is presently represented by Evan Newman, Esq. of Newman Law, P.C.[4] Pursuant to the Settlement Agreement the claims against Reidel have been voluntarily dismissed, pursuant to F.R.C.P.

---

[3] Although plaintiffs believe that Solucorp's statement is inappropriate in this letter and includes wholly irrelevant material, counsel for Solucorp insisted on its inclusion over plaintiffs' objections.

[4] Reidel was also previously represented by Mr. Condon, who was formally substituted out as counsel of record for Reidel on or about February 4, 2014. (See ECF Doc. 71, 72).



Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
December 7, 2015
Page 6

41(a)(2). (ECF Doc. 205). As such, it is requested that Mr. Newman be excused from attending the December 14, 2015 Status Conference.

Greene and Tyberg both filed purported motions for summary judgment which were denied. (ECF Doc. 195, 196).

All fact discovery has been completed. Expert disclosure has not been completed. Plaintiffs anticipate the need to serve expert disclosure on the issue of damages. Solucorp, Tyberg and Greene have each expressed a willingness to enter settlement discussions, and have repeatedly suggested that a settlement conference[5] might prove fruitful in this regard. Plaintiffs are not optimistic that discussions with these particular defendants would be beneficial in light of their claimed inability and/or unwillingness to make any reasonable offer.[6] Plaintiffs and EMHI have had ongoing settlement discussions and both parties feel as though progress has been made and that a settlement between the two remains possible. Plaintiffs are not opposed to the scheduling of a settlement conference, so long as it does not delay any other proceedings. Should this Court decide to move forward with scheduling a settlement conference, it would be Plaintiffs' recommendation that Magistrate Davison preside over those discussions, given his familiarity with this case.

Respectfully submitted

Michael R. Rudick (MR-1785)

cc: All Parties Via ECF

---

[5] Plaintiffs note that there have been no settlement conferences to date in this action.
[6] Defendant Greene wishes to advise the Court that he has extended a settlement offer of 520,000 shares of EMHI common stock to Plaintiffs. He suggests that the shares are freely tradeable and opines that they "could have a significant value in the future."



Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
December 7, 2015
Page 7

Israel Tyberg
123 Avenue J
Brooklyn, NY 11230

Richard Greene
3972 Southwest 135 Avenue
Davie, FL 33330