UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MICHAEL GOLDSTEIN, et al.,                          :
                Plaintiffs,                   :     **MEMORANDUM OPINION**
                                                   :     **AND ORDER**
v.                                                  :
                                                   :     11 CV 6227 (VB)
SOLUCORP INDUSTRIES, LTD., et al.,                  :
                Defendants.                  :
--------------------------------------------------------------x

Briccetti, J.:

        Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated February 10, 2017 (Doc. #276), with respect to plaintiffs' motion to enforce a purported settlement agreement between plaintiffs and defendant East Morgan Holdings, Inc. ("EMHI"). (Doc. #247). Judge Davison recommended that the motion be denied.

        For the following reasons, the Court adopts the R&R and DENIES the motion to enforce.

I.    Standard of Review

        A district court reviewing a magistrate judge's report and recommendation on a dispositive motion, such as a motion to enforce a settlement agreement, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Objections to the recommended ruling are reviewed de novo. Id.; Fed. R. Civ. P. 72(b)(3). Unobjected to portions of the recommended ruling are reviewed for clear error. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

II.    Plaintiffs' Objections

        Plaintiffs object to Judge Davison's conclusion that no binding agreement arose from the understandings reached at a settlement conference before the magistrate judge on January 28, 2016, because (i) EMHI, through counsel, stated at the outset of the conference that its representative at the conference did not have unilateral authority to settle the case, and that any

agreement had to be approved by the company's Board of Directors,[1] and (ii) ultimately, the Board did not approve the agreement.  Plaintiffs also object to Judge Davison's alternative conclusion that, based on the application of the four-factor test in Winston v. Mediafare Entertainment Corp., 777 F.2d 78, 80 (2d Cir. 1985), the parties did not intend to be bound by the purported agreement reached at the settlement conference.  Finally, plaintiffs object to Judge Davison's recommended denial of their request for attorneys' fees and costs.

In conducting a de novo review of plaintiffs' objections, the Court has independently and thoroughly reviewed the record and the relevant case law.  Having done so, the Court finds no merit in any of plaintiffs' objections, and further finds Judge Davison correctly concluded that no binding agreement arose from the understandings reached at the settlement conference, and that, based on the Winston factors, the parties did not intend to be bound by the purported agreement reached at the settlement conference.  The Court further finds Judge Davison properly denied plaintiffs' request for fees and costs.

Plaintiffs' frustration about the unsuccessful outcome of the lengthy and time-consuming settlement negotiations is understandable.  The Court, too, is frustrated by what transpired here. But the bottom line is that the parties did not enter into a binding settlement agreement, and EMHI and its counsel did not act vexatiously or in bad faith.

## CONCLUSION

The Court overrules plaintiffs' objections to Magistrate Judge Davison's thorough and well-reasoned R&R, and adopts the R&R in its entirety.[2]

---

[1] Plaintiffs did not object to counsel's statement at the time it was made.

[2] The Court notes that the R&R, in three places, indicates that the year of the settlement conference and subsequent discussions was "2015." (R&R at 1, 3, 5).  This is plainly a typographical error.  The year was 2016.

Plaintiffs' motion to enforce the purported settlement agreement is DENIED.

Counsel for all parties remaining in the case are directed to attend a status conference before Judge Briccetti on April 26, 2017, at 2:30 p.m., at which time the Court expects to set a trial date and address other case management issues.

The Clerk is instructed to terminate the pending motion.  (Doc. #247).

Dated:  March 21, 2017
       White Plains, NY

                            SO ORDERED:

                            _____
                            Vincent L. Briccetti
                            United States District Judge