UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDSTEIN, *et al.*,

                       Plaintiffs,

-against-

SOLUCORP INDUSTRIES, LTD., *et al.*,

                       Defendants.

11-CV-6227 (VB)(PED)

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EMHI'S MOTION IN LIMINE**

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this Memorandum of Law in Opposition to Defendant East Morgan Holdings, Inc.'s ("EMHI") Motion in Limine (Doc. 313) seeking to preclude testimony by "the plaintiff" regarding any conversations he had with any deceased person based on New York State's Dead Man Statute, codified at N.Y. C.P.L.R. § 4519. At the outset it should be noted that there are five plaintiffs in this action and EMHI has not identified the plaintiff(s) from which it is attempting to preclude testimony by its motion. In any event, no matter which plaintiff(s) EMHI was referring to, the Motion in Limine should be denied as it is based on an incorrect reading of law. As explained below, N.Y. C.P.L.R. § 4519 does not apply to: (1) claims brought pursuant to federal law, or (2) pendent state law claims brought in an action in which original jurisdiction already exists. This action arises under federal law for alleged violations of Section 10(b) of the Exchange Act, 15 U.S.C. Sec. 78j(b), and SEC Rule 10b-5, 17 C.F.R. 240.10b-5. Subject matter jurisdiction over the state law causes of action is premised on pendent jurisdiction pursuant to 28 U.S.C. 1367(a), not diversity of citizenship. Therefore, EMHI's Motion in Limine should be denied.

**LEGAL ARGUMENT**

I.     **C.P.L.R. § 4519 Does Not Apply to Claims Brought Pursuant to Federal Law**

The applicability of N.Y. C.P.L.R. § 4519 in federal court is limited to diversity actions, and since this action is brought pursuant to federal law, C.P.L.R. § 4519 does not apply. Fed. R. Evid. 601 provides, "Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which *state law supplies the rule of decision.*" *Id.* (emphasis added). This court has repeatedly made clear that C.P.L.R. § 4519 does not apply to claims or defenses based on federal law. *See DiLegge v. Gleason*, 131 F. Supp.2d 520, 525 (S.D.N.Y. 2001) (in an action brought under Title VII the court noted "§4519 of the New York C.P.L.R. ... the so-called 'Dead Man's Statute,' beloved by trial attorneys and uniformly criticized by the academics ... applies in this Court where state law provides the rule of decision... the Dead Man's Statute is not applicable to this case."); *Sonder v. Sonder*, No. 96civ.7911 (TPG), 1997 WL 599558, at *3 (S.D.N.Y. Sept. 25, 1997) ("... the Dead Man's Statute is a state rule of evidence that does not apply in a federal court action brought pursuant to federal law.") Here, Plaintiffs' claims are based on Defendants' violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5. (Am. Compl., Doc. 176, ¶ 188). In other words, Plaintiffs claims are brought pursuant to federal law. Thus, N.Y. C.P.L.R. § 4519 does not apply to Plaintiffs' federal claims.

Even the two cases cited by EMHI support the notion that N.Y. C.P.L.R. § 4519 does not apply to claims brought pursuant to federal law. In *Rosenfeld v. Basquiat*, 78 F.3d 84 (2d Cir. 1996), a diversity action alleging breach of contract, the court went out of its way to clarify that:

> the Federal Rules of Evidence ... expressly provide that state law determines what rules will apply in civil actions governed by state law. Because state law supplies the rules in diversity of citizenship cases, New York law, including its statute barring the testimony of certain interested witnesses, must be given effect.

2

*Id.* at 88 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938)). Likewise, in *Dos Santos v. Goulart*, 233 B.R. 261 (S.D.N.Y. 1999), the other case cited by EMHI, the court explained that "the Dead Man's Statute is a state rule of competency and thus, under Fed. R. Evid. 601, applies in federal courts, where, as here, the rule of decision is provided by state law." Thus, even the cases cited by EMHI clearly indicate that N.Y. C.P.L.R. § 4519 does not apply to claims brought pursuant to federal law.

## II.  C.P.L.R. § 4519 Does Not Apply To Pendent State Law Claims Brought In An Action In Which Original Jurisdiction Already Exists

Similarly, N.Y. C.P.L.R. § 4519 does not apply to pendent state law claims brought in an action in which original jurisdiction already exists. In *Estate of Sukovich v. Anthem Health Plans of Va., Inc.*, 553 F.3d 559 (7th Cir. 2009), an action involving two federal claims and one pendent state law claim, the court held that Indiana's Dead Man's Statute did not apply to the state claim. In its reasoning, the court recognized that Fed. R. Evid. 501 parallels the language of Rule 601 and referred to the Judiciary Committee notes of Rule 501, which state: "if the rule proposed here results in two conflicting bodies of … law applying to the same piece of evidence in the same case, it is contemplated that the rule favoring reception of the evidence should be applied." *Id.* at 570. Other courts have similarly held that state Dead Man's Statutes do not apply to pendent state law claims brought in an action in which original jurisdiction already exists. *See Estate of Chlopek by Fahrforth v. Jarmusz*, 877 F. Supp. 1189 (N.D. Ill. 1995); *Phoenix Mut. Life Ins. Co. v. Adams*, 828 F. Supp. 379 (D.S.C. 1993); *Donohoe v. Consol. Operating Operating & Prod. Corp.*, 736 F. Supp. 845 (N.D. Ill. 1990). Here, Plaintiffs state law claims are for common law fraud and fraud conspiracy, promissory estoppel, and unjust enrichment. These claims are pendent to the federal claims for violations of Section 10(b) of the Exchange Act and Rule 10b-5. Therefore, N.Y. C.P.L.R. § 4519 does not apply.

## CONCLUSION

Defendant's Motion in Limine should be denied in its entirety, because N.Y. C.P.L.R. § 4519 does not apply where, as here, Plaintiffs' state law claims are brought in conjunction with federal claims.

Dated: January 18, 2017

Respectfully submitted,
**HERZFELD & RUBIN, P.C.**

Brian T. Carr, Esq. (BC-2519)
Michael R. Rudick, Esq. (MR-1785)
HERZFELD & RUBIN, P.C.
*Attorneys for Plaintiffs*
125 Broad Street
New York, New York 10004
(212) 471-8500